## DEFECT OF PARTIES CAN NOT BE DETERMINED BY EXAMINATION OF BOND ATTACHED TO PETITION.

Circuit Court of Cuyahoga County.

THE FIDELITY & DEPOSIT COMPANY v. WALLACE I. KNIGHT, TRUSTEE.

Decided, June 21, 1901.

*Pleading—Exhibits Not a Part of Petition.*

Exhibits attached to a petition are not a part thereof, and where the petition states a good cause of action, the court can not, upon demurrer, examine a bond attached as an exhibit, to determine whether there is a defect of parties defendant.

*C. L. Shaw,* for plaintiff in error.
*Wm. M. Raynolds,* contra.

CALDWELL, J.; HALE, J., and MARVIN, J., concur.

The petition sets out that the plaintiff, Wallace I. Knight, trustee for the benefit of the creditors of James M. Erwin, complains of the Fidelity & Deposit Company of Maryland, and, after making allegations as to its being a corporation, says that the plaintiff is the duly qualified and acting trustee for the benefit of the creditors of the said James M. Erwin; says that on or about May 25, 1897, said Erwin filed his deed of assignment in the insolvency court to one James K. Meaher for the use and benefit of his creditors under the insolvency laws of Ohio; that Meaher accepted the trust, and his bond was required in the sum of $2,000, with the defendant company as surety, and that the bond was approved; that Meaher entered upon the discharge of his duties as such assignee; that on or about the 29th of June, 1898, a motion to remove said assignee was filed by one of the creditors, and, thereupon, on the 29th day of July, 1898, said Meaher filed in said court his written resignation as such assignee of said estate, which resignation was accepted and said Meaher was ordered to file his final account within five days, and

said final account was not filed, and this plaintiff was appointed to qualify and serve as trustee for the creditors.

When the final account was filed, exceptions were taken to it; there was a hearing thereon, and the court allowed the exceptions in part and found there was in the hands of said Meaher as such assignee the sum of $331.05 belonging to the estate and he was ordered to turn it over to the plaintiff, and Meaher did not turn the money over, nor any part of the same, nor has the defendant accounted for the same.

Then the petition goes on to recite that the bond of said James K. Meaher, a copy of which bond is attached hereto and marked "Exhibit A," was conditioned: "That the said James K. Meaher will faithfully perform all the duties as such assignee according to law." That he did not pay over the money, to-wit, the sum of $331.05 so found in his hands, and so ordered by said court to be paid to plaintiff.

And this action was brought to recover that amount of money from the bondsmen.

A demurrer was filed to the petition and overruled; that was done on the 18th day of April, 1901. The journal entries show that on May 6, 1901, the case was presented to the court, and this was the action of the court:

"The plaintiff comes and the defendant is in default of answer, whereupon with the assent of the plaintiff, the court takes the account and finds that the defendant does owe the plaintiff as damages, the sum of $349.91. It is therefore considered that said plaintiff recover of said defendant his said damages and also his costs of this suit."

A motion was made by the defendant to set aside the default but that motion has been withdrawn, and the case stands in this court on petition in error to reverse the judgment for overruling the demurrer.

The ground on which it is claimed the court erred is that in looking at the bond, it is discovered that the bond is the joint bond of Meaher and the surety, the Fidelity & Deposit Company, and that Meaher not being made a party to the action, a demurrer to the petition on that ground was well taken and the demurrer should have been sustained instead of being overruled.

It has been decided by the Supreme Court of this state that, in determining the sufficiency of a petition, either as to parties or as to matter alleged, it is not proper for the court to look at an exhibit attached to the petition. Under this rule, we are not permitted to look to the bond that is attached to the petition, to determine the sufficiency of the petition as to parties or as to whether it constitutes a cause of action.

This being true, it leads us to the conclusion that an examination of the petition itself does not reveal a defective party nor does it fail to state a cause of action.

The petition in error in this court is, therefore not well taken, and the judgment of the court below is affirmed.